CITY OF BALCH SPRINGS,
Texas, Appellant,

v.

Enrique SOSA, Appellee.

No. 05–88–00278–CV.

Court of Appeals of Texas,
Dallas.

Jan. 27, 1989.

Rehearing Denied March 2, 1989.

James D. Blume, Michael A. Yonks, Dallas, for appellant.

Kim R. Thorne, Grand Prairie, for appellee.

Before WHITHAM, LAGARDE and WHITTINGTON [1], JJ.

WHITTINGTON, Justice.

The City of Balch Springs, Texas, appeals from a personal injury judgment rendered in favor of Enrique Sosa. In four points of error, the City asserts that (1) the jury finding on proximate cause was not supported by probative evidence or, alternatively, factually sufficient evidence; (2) the jury finding of damages for loss of earnings in the past and loss of earning capacity in the future is not supported by factually sufficient evidence; (3) Sosa was negligent as a matter of law; and (4) jury misconduct denied the City due process of law. We sustain the City's second point of error. The judgment of the trial court is reversed, and this cause is remanded for new trial.

1. The Honorable John Whittington, Justice, succeeded the Honorable Nathan L. Hecht, Justice, at the expiration of his term on December 31, 1988. Justice Whittington has read the briefs and reviewed the record.

Enrique Sosa was arrested by City of Balch Springs police officers for illegally parking his dump truck. He was handcuffed and transported to the police station. Sosa filed suit, claiming that the placement of the handcuffs caused an injury to his right wrist. A jury found that the City was negligent in placing the handcuffs on Sosa too tightly, and in failing to loosen the handcuffs after Sosa complained that they were hurting him, and that the City's negligence was the proximate cause of Sosa's injury. The jury awarded damages for pain and mental anguish, medical expenses, loss of earnings, and loss of earning capacity.

In its first point of error, the City asserts that the jury finding that the handcuffing incident was the proximate cause of Sosa's injury is not supported by any probative evidence or, alternatively, is not supported by factually sufficient evidence.

In considering a "no evidence" point of error, this Court will review only the evidence and inferences therefrom tending to support the jury's answers and should disregard all contrary evidence and inferences. *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *Ryan v. Morgan Spear Associates, Inc.*, 546 S.W.2d 678 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). The evidence must be viewed in the light most favorable to the verdict. *Davis v. Thompson*, 581 S.W.2d 282, 284 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). "It is only where the conclusion is that reasonable minds could not differ that the appellate court will hold there is no evidence to support the finding or that, as a matter of law, the evidence requires a conclusion contrary to the jury finding." *San Antonio Bank & Trust v. Pletz*, 588 S.W.2d 797, 800 (Tex. Civ.App.—San Antonio 1979, writ ref'd n.r. e.).

In considering an "insufficient evidence" point of error, this Court must consider all of the evidence in the case, including that contrary to the verdict. *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). We must determine whether the verdict is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *In re Kings' Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ Sosa personally testified on the causal relationship issue, and he presented testimony by Dr. Mark Pretorious, a neurologist who examined Sosa. We find that Sosa's testimony alone was sufficient to prove causation because his symptoms began at the time of the incident, and, therefore, general experience and common sense will enable a layman to determine the causal relationship. *See Morgan v. Compugraphics Corp.*, 675 S.W.2d 729, 733 (Tex. 1984). Sosa twice complained to the arresting officer that the handcuffs were placed too tightly. After the handcuffs were removed, Sosa complained that his hand was numb and that he was in pain. He testified that the pain and numbness worsened and had not subsided by the time of trial. We hold that this is some evidence to support the jury finding of proximate cause, and the finding was not so irreflective of the evidence as to be manifestly unjust. Point of error number one is overruled.

■ In its second point of error, the City asserts that the jury finding of damages for loss of earnings in the past and loss of earning capacity in the future is not supported by factually sufficient evidence. The extent of a claimant's diminished earning capacity is measured by the difference between the income he was capable of earning before the injury and the income that he is capable of earning after the injury. *Wilkins v. Royal Indem. Co.*, 592 S.W.2d 64, 67–68 (Tex.Civ.App.—Tyler 1979, no writ).

The amount of money Sosa *could* have earned but for his injury is necessarily uncertain. Therefore, the amount of damages must only be established with the degree of certainty to which it is susceptible. *Bailey v. Merrill*, 582 S.W.2d 489, 490 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.). Ordinarily, the amount of damages resulting from impairment of earning capacity is left principally to the sound discretion of the jury. The jury, however, may not be left to mere conjecture if facts are available on which it could base an intelligent conclusion. *Bonney v. San Antonio*

*Transit Co.*, 160 Tex. 11, 325 S.W.2d 117, 121 (1959); *Southwestern Bell Tel. Co. v. Sims,* 615 S.W.2d 858, 864 (Tex.Civ.App.— Houston [1st Dist.] 1981, no writ).

The record reflects that Sosa had a sporadic work history, but when he was working, he could reasonably expect to earn about $450.00 per week as a truck driver. The handcuffing incident took place on May 29, 1985. Sosa was working as a truck driver at that time and continued to work in the same field despite his injury until January 1986 at which time he quit. He had not sought full time employment as of December 7, 1987, the time of trial. He testified he quit his job because it was too painful to shift gears. He has not sought full time employment since that time because he has no interest in an occupation other than truck driving.

Dr. Pretorious, the neurologist who treated Sosa, testified as follows:

COUNSEL FOR APPELLEE: What further treatment would you feel was called for in Mr. Sosa's case, based upon the last time you saw him?

ANSWER: Well, I usually leave that up to the hand surgeon to decide. He has several options open to him.

If he believes it is a very minimal injury, he may not do anything.

He may also decide to inject steroids into the carpal tunnel to see if that would relieve the symptoms.

And he may consider doing surgery to release the compression of the carpal tunnel.

Dr. Pretorious later testified that a carpal tunnel surgery was, in reasonable probability, "not necessarily" called for. On cross-examination, Dr. Pretorious testified that if Sosa did have a carpal tunnel surgery, recovery is "a bandage on the wrist for a week or so, and then they have somewhat reduced activities on the arm for several weeks afterward."

■ We hold that Sosa did not establish the amount of diminished earning capacity damages with the degree of certainty to which it is susceptible. No medical expert testified as to what form of treatment Sosa will have to undergo to rehabilitate his

wrist. Dr. Pretorious testified that a hand surgeon would have to make that decision. Dr. Pretorious did testify that a hand surgeon may consider several forms of treatment including (1) doing nothing, (2) injecting steroids, or (3) performing carpal tunnel surgery. Assuming that Sosa will undergo one of the treatments enumerated by Dr. Pretorious, there was no evidence at all concerning how long Sosa's wrist would be disabled or how long he would be precluded from returning to work if he underwent either of the first two treatments. Regarding the third treatment, Dr. Pretorious testified that if carpal tunnel surgery was performed, Sosa would have "somewhat reduced activities on the arm," but he did not testify that he would be precluded from driving a truck for any amount of time. Based on the evidence presented, the jury could not calculate, without conjecture, the amount of income Sosa was capable of earning after the injury. Accordingly, the City's second point is sustained, and this cause is remanded for new trial. TEX.R. APP.P. 81(b)(1).

Because of our disposition of point of error two, resolution of the remaining points of error is not necessary to our disposition of this appeal. *See* Tex.R. App.P. 90(a). The judgment of the trial court is reversed, and this cause is remanded for a new trial.