**Enrique SOSA, Petitioner,**

**v.**

**CITY OF BALCH SPRINGS,**
**Texas, Respondent.**

**No. C–8571.**

Supreme Court of Texas.

June 7, 1989.

Kim R. Thorne, Grand Prairie, for petitioner.

James D. Blume, Dallas, for respondent.

PER CURIAM.

The issue in this appeal is whether the court of appeals applied the proper standard of review when it found the evidence factually insufficient to support the jury's determination of lost earnings. Because the court of appeals failed to adhere to the standard required by *Pool v. Ford Motor Company,* 715 S.W.2d 629 (Tex.1986), a majority of the court reverses the judgment of the court of appeals and remands the cause to that court for application of the proper standard of review.

Enrique Sosa filed suit against the City of Balch Springs to recover damages for an injury caused to his wrist during an arrest

by the police of that city. Sosa's claim was tried to a jury, which awarded him damages for past and future physical pain and mental anguish, past and future physical impairment, and past medical expenses. The jury also awarded Sosa damages for loss of earnings in the past and loss of earning capacity in the future. The trial court rendered judgment for Sosa on the jury's verdict.

■ The court of appeals reversed the judgment of the trial court and remanded the cause for new trial, holding the evidence to be factually insufficient to support the jury's determination of diminished earning capacity.* 773 S.W.2d 572. The court of appeals concluded that the evidence was insufficient to support the jury's award because Sosa did not present expert testimony regarding treatment and the time necessary to rehabilitate his injured wrist. No such expert testimony was required.

Sosa complains here that the court of appeals has erred in failing to contrast the evidence supporting loss of earnings with the contrary evidence and in failing to articulate why the evidence supporting the jury's verdict is factually insufficient. A majority of this court agrees with these complaints.

■ Before setting aside a jury's determination of fact, a court of appeals must consider and weigh all the evidence supporting and contrary to the jury's determination. *In re King's Estate*, 150 Tex. 662, 663, 244 S.W.2d 660, 661 (1951). The proper standard of review requires the court of appeals to consider, weigh and compare all the evidence in the record pertinent to the issue under consideration and articulate why the original finding is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Pool*, 715 S.W.2d at 635. A court of appeals' conclusion that additional or better evidence might have been presented on the issue under consideration is not a substitute for the analysis required by *Pool v. Ford Motor Company*.

In the present case, the court of appeals did not follow the standard for review mandated by *Pool v. Ford Motor Company*. Pursuant to Tex.R.App.P. 133(b), a majority of the court reverses the judgment of the court of appeals and, without hearing oral argument, remands the cause to that court for it to reconsider the factual sufficiency of the evidence under a correct standard.

HECHT, J., not sitting.

---

* We have ordered the opinion of the court of appeals published.