# NO. 12-14-00121-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARCIA SOUTER,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | | |
| *GARY L. SOUTER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHARLES R. SOUTER, DECEASED AND DEBORAH SOUTER, LINDSAY SOUTER THOMAS, AND KYLE SOUTER AS HEIRS OF THE ESTATE OF CHARLES R. SOUTER, DECEASED, APPELLEE* | §  §  § | *JUDICIAL DISTRICT COURT*   *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION

Marcia Souter appeals an adverse judgment rendered after a trial before the court in this conversion suit. In two issues, Marcia challenges the legal and factual sufficiency of the evidence to support the trial court's determination that two automobiles, a Porsche Boxster and a Ford Explorer, should be deemed the property of Gary Souter. We affirm.

## BACKGROUND

While living in the State of Washington, Charles Souter began dating Marcia. In January 2010, while still in Washington, Charles executed his last will and testament in which he left his estate to his brother, Gary, and named him as "Personal Representative (a.k.a. "Executor")" of the estate.[1] Under the terms of the will and pursuant to Washington law, Charles sought to

---

[1] Charles named Gary's wife and children (Deborah, Lindsay, and Kyle) as contingent beneficiaries under the conditions specified in the will.

dispose of his nonprobate assets in the same manner. In another provision of the will, Charles acknowledged that he was contemplating marriage to Marcia and specified that he intentionally made no provision for Marcia to receive any portion of his estate.

Charles and Marcia were married on May 6, 2010 in Nevada. They soon moved to Texas to be closer to Charles's family. On April 10, 2012, Charles died, and his will was admitted to probate the following month as a muniment of title.

After Charles's death, Gary and Marcia disagreed on the disposition of Charles's assets. Both quickly hired attorneys. Gary and Marcia eventually agreed that Gary would receive all of Charles's assets except the nonprobate assets for which Marcia was named the beneficiary or that were given to her by Charles before his death. However, they failed to agree on what specific assets each would receive.

Two of the assets that Gary and Marcia disagreed on were a Porsche Boxster and a Ford Explorer. During their marriage, Charles bought Marcia the Porsche Boxster as a gift. A few days before he died, Charles bought a Ford Explorer for Marcia to drive. Marcia initially asserted a property interest in both vehicles, but soon relinquished the vehicles to Gary.

In July 2012, Gary, as personal representative of Charles's estate, sued Marcia. Marcia denied Gary's allegations and filed a motion to add all of Charles's potential heirs to the suit. The trial court granted Marcia's motion. In October 2012, Marcia countersued Gary, individually and as personal representative of Charles's estate, and Deborah, Lindsay, and Kyle as potential heirs. In her countersuit, Marcia made various claims including that Gary wrongfully obtained the Porsche Boxster and Ford Explorer from her. In their answer, Gary and the potential heirs denied Marcia's allegations and asserted various affirmative defenses, including waiver.

The matter proceeded to a trial before the court. Marcia abandoned her claims against Deborah, Lindsay, and Kyle, but proceeded with her claims against Gary. Following the bench trial, the trial court found, as pertinent to this appeal, that (1) the Ford Explorer was Charles's separate property and passed through Charles's estate to Gary, and that (2) Marcia waived any interest she held in the Porsche Boxster and the Ford Explorer. This appeal followed.

In her first issue, Marcia contends that the trial court erred in concluding that the Ford Explorer was Charles's separate property. In her second issue, Marcia contends that the evidence is legally and factually insufficient to support the trial court's finding that she waived her interest in the Porsche Boxster and Ford Explorer. Because it is dispositive of the appeal, we address only Marcia's second issue. *See* TEX. R. APP. P. 47.1.

**Standard of Review**

In an appeal of a judgment rendered after a bench trial, a trial court's findings of fact have the same weight as a jury's verdict, and appellate courts review the legal and factual sufficiency of the evidence used to support them just as they would review a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When a party is attacking the legal sufficiency of the evidence supporting a finding on an issue for which she did not have the burden of proof, she must show that no evidence supports the finding. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 215 (Tex. 2011). Evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *Id*. In making this determination, we must credit favorable evidence if a reasonable finder of fact could, and disregard contrary evidence unless a reasonable finder of fact could not. *Id*.

With regard to factual sufficiency challenges, where a party who did not have the burden of proof on an issue asserts that a trial court's finding of fact is contrary to the evidence, we must overrule the complaint unless the finding is clearly wrong and manifestly unjust. *See Santa Fe Petroleum, L.L.C. v. Star Canyon Corp*., 156 S.W.3d 630, 637 (Tex. App.—Tyler 2004, no pet.). "Reversal [can] occur because the finding [is] based on weak or insufficient evidence or because the proponent's proof, although adequate if taken alone, is overwhelmed by the opponent's contrary proof." *Id*. In conducting our factual sufficiency review, we must consider all of the evidence that supports and that which is contrary to the finding. *Sosa v. City of Balch Springs*, 772 S.W.2d 71, 72 (Tex. 1989).

When reviewing both legal and factual sufficiency issues arising from a bench trial, we are mindful that the trial court, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be assigned to their testimony. *Canal Ins. Co. v. Hopkins*, 238 S.W.3d 549, 557 (Tex. App.—Tyler 2007, pet. denied) (op. on reh'g). If a reasonable finder of fact could have so found, we must assume that the finder of fact chose what testimony to

disregard, and decided all credibility questions in a way that was in favor of the findings. *Id*. A finder of fact "may disregard even uncontradicted and unimpeached testimony from disinterested witnesses" where it is reasonable to do so. *Id*.

In addition, it is within the fact finder's province to resolve conflicts in the evidence. *Id*. Consequently, we must assume that, where it was reasonable to do so, the finder of fact resolved all conflicts in the evidence in a manner consistent with the findings. *Id*. Where conflicting inferences can be drawn from the evidence, it is within the province of the finder of fact to choose which inference to draw, so long as more than one inference can reasonably be drawn. *Id*. Therefore, we must assume the finder of fact made all inferences in favor of the findings if a reasonable person could do so. *Id*.

The trial court may take into consideration all of the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Id*. at 557-58. Where there is enough evidence before the trial court so that reasonable minds could differ concerning the meaning of that evidence, or the inferences and conclusions to be drawn therefrom, we may not substitute our judgment for that of the trial court. *Id*. at 558.

### Applicable Law

Waiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987). To establish waiver, a party must prove that the other party had (1) an existing right, benefit, or advantage, (2) actual or constructive knowledge of its existence, and (3) an actual intent to relinquish the right. *ASI Techs., Inc. v. Johnson Equip. Co.*, 75 S.W.3d 545, 548 (Tex. App.—San Antonio 2002, pet. denied). The intent to relinquish the right can be inferred from the party's conduct. *Id*. For a waiver to be effectuated through conduct, the act must be clear and decisive. *Id*. "There can be no waiver unless so intended by one party and so understood by the other." *Lesikar v. Rappeport*, 33 S.W.3d 282, 300 (Tex. App.—Texarkana 2000, pet. denied).

### Analysis

On May 3, 2012, Marcia's attorney faxed a letter to Gary's attorney informing him that Marcia claimed an ownership interest in the Porsche Boxster and the Ford Explorer. According to the letter, Marcia maintained that the Porsche Boxster was a gift from Charles, and thus, her

4

separate property. She also claimed that she and Charles shared ownership of the Ford Explorer and that she "certainly has the right to use the [Ford Explorer]."

Six days later, Marcia, through an email from her attorney, authorized Gary to pick up the vehicles, but did not reassert an ownership interest in them. The email read in pertinent part, "I have the keys to the Porsche and pickup truck. . . .We can set an appointment for your client and his son to take the vehicles . . . ." Later that afternoon, Marcia's attorney sent another email to Gary's attorney in which he stated, "I advised Marcia that all the vehicles will be gone except for the Tbird."

Gary retrieved the Porsche Boxster without incident. He went to Marcia's house, was given the key by a woman he did not know, and took possession of the vehicle. Gary also was given the title to the Porsche Boxster, and changed the title to his name. Marcia presented no evidence that weighed against an intent to waive her right to the Porsche Boxster other than her testimony that she always said it was her car.

On May 11, Marcia's attorney sent an email communicating Marcia's offer to purchase the Ford Explorer from Gary. Again, Marcia did not reassert an ownership interest in the vehicle. Gary rejected Marcia's offer, but allowed her to drive the vehicle for several more days. When Gary retrieved the Ford Explorer, Marcia (1) left the vehicle running in the driveway, (2) had almost no gas in the vehicle, (3) turned the heater and heated seats on even though it was May in Texas, and (4) hid cat feces in a plastic bag in the vehicle.

Marcia presented some evidence that weighed against an intent to waive her rights to the Ford Explorer. The record shows that she refused to sign over the title to it and retained possession of the title, as well as a key fob for the vehicle. Additionally, Marcia testified that she always said the Ford Explorer was her car.

Neither side presented evidence on the waiver issue directly from Marcia's attorney. However, Marcia testified that her attorney advised her that the vehicles belonged to Charles's estate and that she needed to relinquish the vehicles to the estate. Marcia's daughter also testified. She related that Marcia's attorney advised Marcia that she had no choice but to give up her interest in the Porsche Boxster. Gary testified that Marcia, through her attorney, voluntarily agreed to relinquish the vehicles to him. Gary later added to his testimony that he had asked Marcia to relinquish both vehicles, and she, through her attorney, "agreed to turn them over to us." Gary also testified that Marcia's attorney "forced" her to give him the vehicles.

5

Marcia, through the May 3, 2012 email, claimed an ownership interest in both vehicles. She then relinquished both vehicles to Gary without reasserting an ownership interest in either vehicle. Considering the email correspondence and Marcia's actions relating to delivery of the vehicles to Gary, we conclude that the evidence would enable a reasonable and fair minded finder of fact to find that Marcia waived her interest in both vehicles. *See **Exxon***, 348 S.W.3d at 215; ***Benton***, 728 S.W.2d at 37. And based on the evidence, we cannot conclude that the finding of waiver is clearly wrong and manifestly unjust. *See **Santa Fe Petroleum, L.L.C.***, 156 S.W.3d at 637. Thus, the evidence is legally and factually sufficient to support the trial court's finding that Marcia waived her interest in the Porsche Boxster and the Ford Explorer. Accordingly, we overrule Marcia's second issue.

### DISPOSITION

Having overruled Marcia's second issue, which is dispositive, we ***affirm*** the trial court's judgment. *See* TEX. R. APP. P. 47.1.

**BRIAN HOYLE**
Justice

Opinion delivered February 27, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 27, 2015**

**NO. 12-14-00121-CV**

**MARCIA SOUTER,**
Appellant
V.
**GARY L. SOUTER, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF CHARLES R. SOUTER,
DECEASED AND DEBORAH SOUTER, LINDSAY SOUTER THOMAS,
AND KYLE SOUTER AS HEIRS OF THE ESTATE OF
CHARLES R. SOUTER, DECEASED,**
Appellees

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 12-1975-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **MARCIA SOUTER**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*